RECEIVED
2006 NOV 20
A P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

In the District Court of the United States
For the Middle District of Alabama
Northern Division

JeneRRAl Reed Ambrose,
    Plaintiff pro SE    ) CASE # 2:06-CV-929-MHT
V    )    [WO]
Russell Thomas et al.    )
    Defendants    )

Motion To Reconsider So
that Plaintiff Can File An
Amended Complaint For
A time limit on Filing objections
Should have been 20 days Not 2 days

Comes now the plaintiff pro SE and moves this Court to Re-consider its dismissal of this case for the following Reasons to wit:

I the Magistrate signed this order on Nov 2nd a Thursday. Mailed on Friday the 3rd. Monday was a Holiday Nov 6th. Plaintiff only received this order on Nov 7th Tuesday. the same day for a Response the Plaintiff should have had at least 20 days to object.



II Objects to the Findings of the Magistrate Judge. And request an extension of time to File an Amended Complaint pursuant to Rule (15)(A)(B) to conform to evidence. Plaintiff seeks to add more Defendants, and other issues for plaintiff only. Plaintiff seeks to file a totality of issues. Since plaintiff has moved from Pike County Jail to Kilby Correctional Facility. (1) Defendant was Deliberatly Indefferent to Serious Medical Needs and has cause permanent damage to the hearing of plaintiff. (2) there was no Grievernnce procedure at Pike County Jail. (3) there was no nurse or medical staff at no time at Pike County Jail. All in violation of the 8th Amendment to the Constitution of the United States, And the State of Ala. The Eigth Amendment "Embodies broad and idealistic concepts of dignity, civilized humanity and decency. This is a maturing society. see Williams v Edwards 547 F.2d 1206 (5th Cir) 1977 (8) Lack of Funds or Authority over Funds does not justify States operating prisions in unconstitutional manner. If Pike County Jail is to operate free from 8th Amendment violations it does so in accodance with the Constitution and laws of the U.S.A. The operation of this old facility will shock the consisus of any human being Newman v Alabama supra 503 F.2d at 1326-27.

(3)

SEE Miller v Carson 563 F2d 741 (1977) this case is on direct point with the Pike County Jail. The Jail conditions was dirty with peeling paint. Dirty showers and filthy commodes without cleaning chemicals. this jail is Barbric and like the Black hole of Calcutta. All types of prisoners sentenced and unsentenced. old + young. mental ill all together. there was no Exercise Facilities Away From Your bunk. You was there 24 hrs per day All 8th Amendment Violations.

IV Plantiff wants to add the Sheriff and the County Commission. Under Miller v Carson 563 F2d 741 the "Recovery of money From A local Government against a municipal enity". James v Wallace 406 F Supp 318 M.D.A. (1976). 42.U.S.C. 1997(F)(B) Failure of State To Adopt or Adhere to Administrative Grievance procedure. Pike County Jail had NONE. See Sostre v McGinnis 442 F2d 178 28.U.S.C 1331, 1343 (3) Civil Rights (13) Exhaustion of State legal Equitable remedies is not nessary to an action under Civil Rights Act 42.U.S.eA 1983. Medical needs See Estelle v Gamble 429 U.S. 97 102 50 Led 2nd 251, 97 S.ct 285. SEE Leach v Shelby County 891 F2d 1241 6th Cir. Deliberate Indifference, Monell v New York City 434 U.S. 658, 691 94 98 S.ct 2018-2036-37 56 LEd 2nd 611 (1978). Plantiff Seeks $500.00 in Compenstor Damage and $300.00 in punitive damage Defendants was Acting under Color of thier Jobs.

Dated this 16th day of Nov 2006
§ 28.U.S.C 1746 under penalty of perjury.

Respectfully Submitted
General L Ambrose
P.O. Box 150
Mt-Meigs Al 36057