IN The United States District Court
For The Middle District of Alabama
Northern Division.

Jenerral Reed Ambrose
  Plaintiff Pro Se
     V.
Pike County Commission.
Russell Thomas, Sheriff.
Olivia Pearson, Head Jailer.
Brian Doe, Jailer.
Kelly Doe, Jailer.
Doug Wheeler, Captian.
    ect, all.
    Defendants.

Civil Action No.
2:06-CV-929 MHT.

RECEIVED
2006 DEC -7  A 9:58

Pursuant to 42 U.S.C. 1983
8th Amendment to the U.S.C.A
14th Amendment to the U.S.C.A

Comes Now the Plaintiff Jenerral Reed Ambrose, and Moves this Honorable Court for all the foregoing reasons to witt.

Statement of Case.

Plaintiff was a Prisoner at the Pike County Jail in Troy Alabama, and was Subject to an 8th Amendment Violation of Crule and unusual Punishment to deliberant indifferents to Serious Medical Needs, and Totality of Conditions, to Suport Many

other 8th Amendment violations. The defendants are being sued under the color of their jobs. The County Commission is a defendant as being the body of the jail, and reports to the A.D.O.C. They also furnish the money to operate the Jail.

(I) While at the Pike County Jail, The Plaintiff contracted an ear infection in his left ear, around September 9th 2006. Plaintiffs ear was swolen shut and a yellowish clear liquid was drianing from Plaintiffs ear; and Plaintiff sufferd from a great deal of pain and was unable to sleep. As a result of the ear infection, Plaintiff now has hearing loss in his left ear. Plaintiff complained to jailers about the infection in his ear. Jailers showed deliberant indifference to Plaintiffs serious medical needs, even though Plaintiff offered to cover expense to Doctors visit.

(II) Pike County Jail has no Doctor and no Nurse on duty, or on call at any time. Jailers hand out medication to Prisoners, mostly Aspirin. Plaintiff begged over and over for medical treatment but was refused. Sheriff is a defendant because he is in charge of the Prisoners.

(11) Pike County Jail has no forms of any kind for Grievence Procedure. See, Woodall v. Foti 648 F.2d, 268-272-73 (5th cir) Tolbert v. Eyman 434 F.2d, 625, 626. "No treatment at all." The County has a duty to provide Adequate Medical care under both the U.S.C. and the Laws of the state of Alabama. The one to make the final dicision, See, Berdin v. Duggan 701 F.2d, 909, (11 cir 1983.) who inflicts the injury. who ever fires and hires is not liable to immunity under Monel v. New York 436 U.S. at 690-91, 98 S.ct at 2036. Since the Sheriff makes the final decision it is bizarre to believe that such a situation could exsist in our society. See, Brandon v. Jackson 457 F.2d 578. The Eighth (8th) Amendment embodies broad and idealistic concepts of dignity standards, humanity and decency; "this is a maturing society". See, Robinson v. California 370 U.S. 660. 82 S.ct 1417 L.ed and 758, "No Remedies". There is no remedy to a Civil Rights Action under 42 U.S.C 1983. See, Sostre v. McGinnis 442 F.2d, 178. 28 U.S.C. 1331, 1343 ③ Civil Rights Act. (13) Exhaustion of state legal Equitable remedies is not necessary to an action under Civil Rights Act 42 U.S.C.A. 1983.

(IV) This Complaint is done under Pursuant to Rule (15) and (15b), Amend at any time.

(V) This Suit is brought under Estelle v. Gamble, 429 U.S. at 104-105, 97 S.ct at 291, Monell v. New York 436 U.S. at 690-91, 98 S.ct 2036. The first is, Plaintiffs allegation that the defendants failed to Provide the level of diagnostic care they would have deemed Necesary for themself or a member of their family. See, Campbell v Cauthron 623 F.2d 503, also see, Miller v. Carson 563 F.2d 741 (5th cir 1977)

Totality of Conditions

The Jail itself is barbaric, reminisant of a Mid-Evil dungeon with inadequate lighting, Paint Pealing from the ceiling and Filthy Showers and Comodes, Vermin (Roaches) in Sinks on Comodes and Meal tables. Roaches crawl over your face while trying to sleep. No time away from your bunk, locked in Cells 24 hours, 7 days a week. Food Served cold by trustees with No Sanitary gloves. No Panic button in cells, and No Monitoring System to observe Prisoners. Jailers make No regular rounds. No Fire Prevention System

## Relief Sought

Defendants Acting under the color of their Jobs are liable, So is the Sheriff and County Commission. Plaintiff seeks Compensatory Damages in the Amount of $300.000, (Three Hundred Thousand Dollars.) And Punitive Damages in the Amount of $150.000, (One hundred Fifty Thousand Dollars.) Plus Attorney Fee's, under 42. U.S.C. 1988 & 1987 D. And any other relief This Honorable Court Deems Just.

Respectfully Submitted
on this the 5th day of December 2006
Pusuant to U.S.C 1746
under Penailty of Perjury.

Jenerral Reed Ambrose
*Jenerral Reed Ambrose*
Kilby Correctional Facility
P.O. Box 150 Mt Meigs
Alabama, Montgomery.
36057.