IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JENERRAL REED AMBROSE,        )
                              )
        Plaintiff,            )
                              )
    v.                        )    CIVIL ACTION NO. 2:06-CV-929-MHT
                              )                [WO]
                              )
RUSSELL THOMAS, et al.,       )
                              )
        Defendants.           )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 7, 2006, Jenerral Reed Ambrose ["Ambrose"], a state inmate, filed

an amended complaint under 42 U.S.C. § 1983 against Russell Thomas, the sheriff of Pike

County, Alabama; Olivia Pearson, the head jailer; Douglas Wheeler, a captain employed

at the jail; and the Pike County Commission.  In this complaint, Ambrose contends that the

conditions of confinement to which he was subjected during his confinement in the Pike

County Jail were unconstitutional.  Ambrose seeks monetary damages and any other relief

the court deems appropriate.

Upon review of the amended complaint, the court concludes that Ambrose's claims

against the Pike County Commission are due to be dismissed with prejudice prior to service

of process under the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[1]

---

[1]The complaint is subject to screening under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires
the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee,
if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted,
or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-
(iii).

## I. DISCUSSION

Ambrose seeks to hold the Pike County Commission liable under 42 U.S.C. § 1983

for actions of Sheriff Thomas and jailers in their daily operation of the Pike County Jail.

He further complains that the county commission is responsible for conditions at the Pike

County Jail due to its failure to properly fund the jail.  These claims entitle Ambrose to no

relief in this cause of action.

"A local government may be held liable under § 1983 only for acts for which it is

actually responsible, 'acts which the [local government] has officially sanctioned or

ordered.'  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89

L.Ed.2d 452 (1986) (*citing Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98

S.Ct. 2018, 56 L.Ed.2d 611 (1978))."  *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287

(11th Cir. 1998).  Thus, "local governments can never be liable under § 1983 for the acts

of those whom the local government has no authority to control."  *Id.* at 1292.

In deciding whether a county commission is liable under § 1983, "[a] court's task

is to 'identify those officials or governmental bodies who speak with final policymaking

authority for the local government actor concerning the action alleged to have caused the

particular constitutional or statutory violation at issue.'"  *McMillian v. Monroe County*, 520

U.S. 781, 784-785, 117 S.Ct. 1734, 1736 (1997) (*quoting Jett v. Dallas Independent School

Dist.*, 491 U.S. 701, 737, 109 S.Ct. 2702, 2724, 105 L.Ed.2d 598 (1989)).  Under all facets

of Alabama law, a county sheriff acts as a state officer "when supervising inmates and

otherwise operating the county jails." *Turquitt*, 137 F.3d at 1289; *Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) ("A sheriff is an executive officer of the State of Alabama" and as such "is not an employee of a county for the purposes of imposing liability on the county."); *Ala. Code* § 14-6-1 (a sheriff has "the legal custody and charge of the jail in his county and all prisoners committed thereto."); *King v. Colbert County*, 620 So.2d 623, 625 (Ala. 1993) (*Ala. Code* § 14-6-1 establishes that "the sheriff's authority over the jail is totally independent of the [county commission].)" Consequently, "an Alabama sheriff [and his jailers] act[] exclusively for the state rather than for the county in operating a county jail." *Turquitt*, 137 F.3d at 1288.

As is clear from the foregoing, "Alabama sheriffs [and jailers] are not county policymakers in their daily management of county jails." *Turquitt*, 137 F.3d at 1292. "For § 1983 liability to attach to a county [and/or its commission], the policy at issue must have been made by a person who exercises final authority on behalf of the county with respect to that policy. *See McMillian*, 520 U.S. at [784-785], 117 S.Ct. at 1736. Alabama law, however, clearly demonstrates that sheriffs possess only state policymaking authority when running the day-to-day affairs of a jail. *See Turquitt*, 137 F.3d at 1291-92." *Vinson v. Clarke County*, 10 F.Supp.2d 1282, 1295-1296 (S.D. Ala. 1998). Moreover, a county commission and its individual members are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the operation and maintenance of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998). Ambrose's claims

against the Pike County Commission are therefore due to be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Pike County Commission be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. The Pike County Commission be dismissed from this cause of action.

3. This case, with respect to the plaintiff's claims against the properly named defendants, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before December 21, 2006 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 8th day of December, 2006.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE