In The United States District Court
For The Middle District of Alabama
Northern Division

Jenerral Reed Ambrose
   Plaintiff Pro Se.

v.

Russell Thomas, Sheriff of Pike
County, Pike County Alabama
in his offical and indivigual
Capacity. Doug Wheeler, Captain
at Pike County Jail, Pike County
Alabama, in his offical and
indivigual Capacity
Olivia Pearson, Head Jailer of
Pike County Jail, Pike County
Alabama, in her offical and
indivigual Capacity.
   Et, al.
   Defendants

Civil Action.
NO. 2:06-CV-929 MHT.

Pursuant to 42 U.S.C. § 1983,. 8th and 14th Amendment violations to The Constitution of The United States.

Comes Now The Plaintiff Jenerral Reed Ambrose, and Moves this Honorable Court for all the foregoing reasons to witt.

## Statement of Case

Plaintiff was a Prisoner at the Pike County Jail in Troy Alabama, and was subjected to violations of his 8th Amendment Rights to Serious Medical Needs, and 14th Amendment Right to due Process

Plaintiff was subject to Crule and unusual Punishment and shown deliberant indifferents to Serious Medical Needs. Which, when conbined with the Totality of the Conditions, Contributed to the Plaintiffs Mental and emotional disstress, due to the unnecessary pain and suffering Plaintiff endured as a result of failing to provide Plaintiff with the Proper Medical Treatment set forth by the Constitution of The United States of America.

## Facts of Case.

1. Shortly after ariving at the Pike County Jail, Plaintiff contracted an ear infection in his left ear, on or around September 9th 2006.
2. Plaintiff complained to Jailers about his ear infection but was ignored by Jailers.
3. Plaintiffs ear infection grew worse and Plaintiff suffered a great deal of pain.
4. Plaintiffs ear was swolen shut and a clear and yellowish discharge began to drain from Plaintiffs ear.
5. Plaintiff complained to Jailers again, and ask to be taken to infirmary to see Nurse.
6. Plaintiff was informed that Pike County had no infirmary at the Pike County Jail, or Nurse.
7. Plaintiff ask Jailers to be taken to the Hospital but was refused.
8. Plaintiff offered to cover cost of expense to Doctors visit, but was still refused.

⑨. Plaintiff also suffered a great deal of Mental and emotional disstress due to the Callous and deliberant indifferents to Plaintiffs serious Medical Needs.

⑩. Plaintiff also suffered Psychological damage due to the Callous and the deliberant indifferents to Plaintiffs serious Medical Needs.

⑪. Plaintiff Now suffers from Permanent hearing loss in his left ear due to the reckless disreguard for Plaintiffs well being.

Ⅰ. This Complaint is done Pursuant to Rule (15) and (15b) Amend at any Time

Ⅱ. This suit is being brought under Estelle v. Gamble 429 U.S. at 104-105, 97 S.Ct at 291. Monell v. New York 436 U.S. at 690-91, 98 S.Ct 2036. Plaintiffs allegation that the defendants failed to Provide the level of diagnostic care they would have deemed necessary for themselves or a member of their family. see, Campbell v. Cauthron 623 F.2d 503. see Miller v. Carson 563 F.2d 741 (5th cir 1977)

Ⅲ. Systememic deficiencies in staffing, facilities or Procedures which make unnecessary suffering inevitable Constitute diliberant indifference. see, Harris v. Thigpen 941 F.2d 1495-1505 (11th cir 1991) see, DeGidio v. Pung 920 F.2d 525 529 (8th cir 1990) (Lack of adequate organization and Control in the administration of health services.) see, Tillery v. Owens 719 F.Supp. 1256-1305-06. See also Newman v. Alabama 503 F.2d (1320-1331 5th cir 1974)

(IV) Prison officals show deliberant indifferants to serious Medical Needs if Prisoners are unable to make their medical Problems known to medical staff. see Johnson V. El. v. Schoemehl 878 F.2d 1043-1055 (8th cir 1989) (sick call only once a week states a Constitutional Claim.) see Lewis V. Wallenstein 769 F.2d 1173-1185 (7th cir 1985) (Known deficiencies in sick call system supported finding of deliberant indifference.) Pike County Jail had No Sick Call System at all.

(V) Prison officals must Provide a medical staff that is Competent to examine Prisoners and diagnose illnesses. It must be able to treat medical Problems or refer Prisoners to others who can. see, Williams V. Edwards 547 F.2d 1206 (5th cir) see, Grubbs v. Bradley 552 F.Supp. 1052-1132.

(VI) Prisoners whose Medical Needs Call foa a Phsicians attention must recieve it. see Mandel V. Doe 888 F.2d 783-790 (11th cir 1989.) see, Wolfel V. Ferguson 688 F.Supp 756-759. Plaintiff recieved No Medical Treatment at all.

(VII) Prisons or Jail officals may be deliberantly indifferent if they fail to Provide guards with at least minimal training in recognizing and dealing with medical emergencies. see, Morrison V. Washington County Alabama 700 F.2d 678-685 (11th cir 1983.) see Brock v. Warren Co, Tenn. 713 F.Supp 238-243. (E.D. Tenn 1989)

(VIII) Correctional Personal without Medical Training may be used to convey Sick Call request, but they can not be allowed to decide which Prisoner will recieve Medical Treatment. see, Fields v. City of South Huston Texas 922 F.2d 1183-1192 n.10 (5th cir 1991.) see, Mitchell v. Aluisi 872 F.2d 577-581 (4th cir 1989.) (allegations of Medical Screening by untrained lay Personal supported Claim of deliberant indifference.) Kelley v. McGinnis 899 F.2d 612-616 (7th cir 1990.)

(IX) Prison or Jail officals Must Provide adequate Facilities and equipment for necessary Medical Care. see, Harris v. Thigpen 941 F.2d 1495-1509 (11th cir 1991.) see, Newman v. Alabama 503 F.2d 1320-1331 (5th cir 1974.) Pike County had No Facilities or equipment for Medical care.

(X) Since The Sheriff Makes the final decision it is bizarre to believe that such a situation could exsist in our Society. see, Brandon v. Jackson 457 F.2d 578. The 8th Amendment embodies broad and idealistis concepts of dignity standards, humanity, and decency. "This is a Maturing Society" see Robinson v. California 370 U.S. 660. 82 S.Ct 1417 L.Ed 2nd 758. No Remedies. There is no remedy to a Civil Rights Action under 42 U.S.C. §1983 see, Sostre v. McGinnis 442 F.2d 178... 28 U.S.C. 1331-1343. (3) Civil Rights Act (13) Exhaustion of state Legal Equitable remedies is no necessary to an action under Civil Rights Act 42 U.S.C. §1983.

### Violation of due Process.

Olivia Pearson Head Jailer, is in direct contact with the Prisoners on a daily basis, and reports directly to the Captain of the Jail about any Problems that might arise. Such as a Prisoner who might Need Medical treatment. It is then the Captain, who then investigates said complaint and reports directly to the Sheriff. Since Captain Doug Wheeler failed to Report Medical Problem of Plaintiff to Sheriff Russell Thomas, and Russell Thomas failed to Seccure Plaintiff with Much Needed Medical treatment,. Defendants failed to follow their own S.O.P. (Standard Operational Procedure.) Defendants Violated Plaintiffs' 14th Amendment Right of the Constitution of The United States, of due Process.

## Relief Sought

Plaintiff seeks Compensatory and Punitive damages in the amount of $250,000.00 from each defendant Named in Complaint, in their indivigual Capacity for deliberant indifferance to serious Medical needs. And 14th Amendment violation of Plaintiff's due Process. See, Wright v. Sheppard 919 F.2d 665-670 (11th cir 1990.) see, Lewis v. Cooper 771 F.2d 334-335 (7th cir 1985.) see Mandel v. Doe 888 F.2d. 783-787.

I Jenerral Reed Ambrose do Hearby Certify that a true and correct copy of the foregoing document has been furnished to the Counsel for the defendants, and the defendants whose Names are, Russell Thomas, Olivia Pearson, and Doug Wheeler, whose address is 120 Church Street, Troy Alabama, 36081.

Done this the 26th day of December, 2006.

<u>Jenerral Reed Ambrose, Pro Se.</u>

*Jenerral R. Ambrose*

Kilby Correctional Facility
Alabama. P.O. Box 150 Mt Meigs 36057.