IN The District Court of The United States
For The Middle District of Alabama
Northern Division

RECEIVED
2007 MAR -7 A 9:21

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Jenerral Reed Ambrose
            Plaintiff

            V.

Russell Thomas
      et, al.
Defendants

Civil Action No.

2:06-CV-929 MHT

Request For Extention
    of Most recent
        order.

# Request For Extention.

Plaintiff is an state inmate being held at Jefferson County Jail Bessemer Alabama.

Plaintiff is allowed only thirty (30) minutes once a week in Law Libary (Thursday only.)

Plaintiff has not received a copy of the report filed by defendants, and or the counsel for the defendants.

Plaintiff respectfully request an extention of time of two (2) weeks past Plaintiffs E.O.S date which is April, 27, 2007,. at Which time Plaintiff will be better able to respond to defendants Pleadings.

Plaintiff also respectfully request a copy of such Pleadings filed by the defendants. Plaintiff needs to Know what he is being ask to respond too.

With all due respect to this Honorable Court, the defendants are only trying to buy time of the last court order. Upon the last court order, this Honorable Court ordered the defendants to produce Medical Records from their Medical Provider. Did the defendants produce those records from their Medical Provider? Let me, the Plaintiff, answer that question, NO! Because the defendants have No Medical Provider at the Pike County Jail, at No time. And the defendants failed to provide the Plaintiff with any medical treatment at all, even though the Plaintiff offered to cover the cost of expence to Doctors Visit. The Plaintiffs Left ear was so infected that it didn't take a doctor to see that. The defendants were calous and deliberantly indifferent to Plaintiffs serious medical Need. After a short period of time with no treatment the severe pain along with the conditions of confinment so bad, caused mental and emotional distress and produced an effect of post traumatic stress disorder due to the defendants being calous and deliberantly indifferent to Plaintiffs serious medical Needs.

The defendants are only trying to buy themselves some time, because there is No way they can Produce Medical Records, if the Court gave them Ten (10) years to Produce them. The defendants have become Comfortable violating Peoples rights, and it's time it Stoped. If defendants would have Provied Plaintiff with Medical treatment on or around September 9th when Medical Problem occured this whole situation could have been avoided.

Respectfully

#212801    Jeneval Reed Ambrose
Plaintiff.

Jeneval R. Ambrose

Melisa Rogers Fisher (Notary)
09-15-08

I Hearby Certify that a true and Correct copy of the foregoing document has been furnished to the counsel for the defendants Whos Names are Russell Thomas, Doug Wheeler and Olivia Pearson, whos address is 120 Church street Troy Alabama 36081.

Plaintiff.

Jenerral Reed Ambrose

# 212801

Jeterich Ambrose #218401-C-4-4
Jefferson Co. Jail
Bessemer, Al.
1923 2nd Ave North
Bessemer, Al. 35020

Legal Mail

In The District Court of The United States
Office of The Clerk
Middle District of Alabama
Northern Division
P.O.Box 711
Montgomery, Al. 36101-0711



IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JENERRAL REED AMBROSE,           )
                                 )
        Plaintiff,               )
                                 )
v.                               )   CIVIL ACTION NO. 2:06-CV-929-MHT
                                 )
RUSSELL THOMAS, et al.,          )
                                 )
        Defendants               )

# O R D E R

The Magistrate Judge has reviewed the special report and supporting evidentiary materials filed by the defendants and determined that the plaintiff should file a response in opposition to such pleadings. Accordingly, it is

ORDERED that on or before March 12, 2007 the plaintiff shall file a response to the written report filed by the defendants. **If the plaintiff fails to file a response as required by this order, the court will treat the plaintiff's failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action. Moreover, the plaintiff is specifically cautioned that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure. In addition, if the plaintiff fails to respond to the written report with respect to each of the claims raised in his complaint, the court will treat this failure as an abandonment of these claims and shall proceed as justice requires.**

As indicated herein, at some time in the future the court may treat the defendants' report and the plaintiff's response as a dispositive motion and response.[1] Thus, in filing a response to the defendants' report the plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits,[2] or other evidentiary materials developed through discovery or other appropriate means and which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case. Failure to file sworn affidavits or other evidentiary materials may result in this court accepting the defendants' evidence as the truth.[3] If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

The parties are hereby notified that, **unless within fifteen (15) days from the date of this order a party files a response in opposition which presents sufficient legal cause why such action should not be undertaken**, upon the expiration of the time for the plaintiff to file a response as allowed by this order, the court may at any time thereafter and **without further**

---

[1]Thus, in preparing a response to the special report filed by the defendants the plaintiff should refer to the requirements of Rule 56, *Federal Rules of Civil Procedure*.

[2]An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer. The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

[3]If the plaintiff is unable to present, by affidavit, facts essential to justify his opposition to the defendants' report, then plaintiff must file a sworn statement as to why he or she is unable to do so.

**notice to the parties** (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law.

Failure to follow the requirements of this order about the proper way to respond to the defendants' report may result in a recommendation of the Magistrate Judge that final judgment be entered in favor of the defendants without there being an evidentiary hearing.

Done this 20th day of February, 2007.


_____/s/ Susan Russ Walker_____
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE


3